

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Overruled by Carrington v.
Rash ___ U.S. ___ 85 S.Ct. 775
(1965)

affirmed by
C-173

**WILL WILSON**
**ATTORNEY GENERAL**

July 8, 1957

Hon. W. W. Kilgore
County Attorney
Victoria County
Victoria, Texas

Dear Mr. Kilgore:

Opinion No. WW-157

Re: Whether a member of the Air
Force is eligible to vote,
upon re-enlistment, in Victoria
County.

You have requested the opinion of this department
on the following question:

"Whether or not a person, who has been
stationed at an air base in Victoria County,
after being discharged from the service and
subsequently reenlisted, with some period of
time intervening between the discharge and
reenlistment, is qualified to establish a
domicile for voting purposes in Victoria County?"

In your letter you state:

"When we have airmen here in Victoria
County who are transferred by the Air Force;
they purchase a home here, leave their fami-
lies here, and claim Victoria as their residence,
and they stay here sometimes two or three years
and longer, they get a discharge from the Air
Force and re-enlist the next day and desire to
vote in this County."

The first limitation on the "soldier vote" was a dis-
qualification of all service men that appeared in the Constitu-
tion of 1876, Article VI, Section 1. In 1932 the disqualifica-
tion was liberalized to allow Texas National Guard members,
reservists, and retired service men to vote. Finally, in 1954,
the constitutional limitation was further liberalized by provid-
ing in Section 2 of Article VI:

". . . Any member of the Armed Forces of the
United States or component branches thereof, or in
the Military Service of the United States, may vote
only in the county in which he or she resided at
the time of entering such service so long as he or
she is a member of the Armed Forces. . . ."

and deleting the disqualification from Section 1.  There are two reasons for the limitation as set forth in the interpretive commentary to Article VI, Section 1, Vernon's Annotated Constitution--i.e., Texas is not necessarily the residence of free choice of men in the service and, allowing the military to vote in localities where military camps were situated might well lead to complete domination of local politics by the overwhelming number of military men to the prejudice of the civilian citizens of the community.

Section 2, Article VI does not enfranchise non-residents of Texas.  The quoted language merely preserves the franchise of a Texas resident who enters service, but limits his voting to the county in which he was a resident when he entered service, "so long as he or she is a member of the Armed Forces."

What is meant by, "the time of entering such service" within the meaning of the Constitution?  Is it the time of the subsequent enlistment or the time of the original entry into service?  If the subsequent period of service is a mere continuation of the prior period, the time of re-enlistment is not the time of entering such service within the meaning of the Constitution, for the restriction lasts "so long as he or she is a member of the Armed Forces."

No doubt, in some instances an airman may be completely separated from the service in a very real sense by discharge and later re-enlist.  In such cases it cannot be said that his re-enlistment or decision to re-enlist constituted the second period of service a continuation of the prior period of service, and the time of entering such service within the meaning of the Constitution is the time of his re-enlistment.  The mere fact that there has been a discharge and a time lapse between the date of discharge and the date of re-enlistment is not, however, controlling on this question.  The law looks to the substance and not to the mere form of the transaction.  It can be judicially noted that frequently re-enlistment papers are actually signed prior to discharge and postdated at some later date to the discharge date.  On some occasions the service man retains the same privileges, rank, and status as well as the same organization assignment and job assignment in the subsequent enlistment as in the prior period of service.  In such cases the discharge and re-enlistment are mere legal fictions and the subsequent period of service is merely a continuation of the prior period.  The date of re-enlistment is not the "time of entry into such service" within the meaning of the Constitution.  Residence in Victoria, Texas, at that time alone cannot be used as a basis of claiming voting residence in Texas during the subsequent period of service.

Therefore, we hold that an airman stationed at an air base located in Victoria County who receives a bona fide discharge and who completely severs his active duty relation with the Air Force and subsequently re-enlists with some period of time intervening between discharge and re-enlistment is qualified to establish a residence in Victoria County for voting purposes if the discharge and re-enlistment are not mere legal fictions so as to constitute the subsequent period of service a continuation of the prior period of service.

You have also asked when the statutory requirement of one year's residence in the State and six months' residence in the county in which one desires to vote would begin to run. Section 2, Article VI, does not in anywise prohibit the establishment of a residence by a service man during the period of his tenure of service, but merely states that he will vote in the county in which he was a resident at the time of his entry into service, so long as he shall remain in service. Accordingly, an airman may establish residence in Victoria County during his tenure of service, but may not actually vote in Victoria County until after his discharge and separation in the manner described above. If, as set out above, he is authorized to vote in Victoria County subsequent to his discharge, then the statutory period of time set forth in Article 5.02 of the Election Code will begin to run from the date he actually established residence, regardless of whether that date was during the prior period of service or subsequent thereto, so long as residence was established prior to the time of the subsequent enlistment.

## SUMMARY

A non-resident of Victoria County who has been stationed in Victoria County in connection with military service and who subsequently establishes residence therein and is thereafter discharged and re-enlists is eligible to vote in Victoria County during his subsequent period of service, only in the event that the discharge and re-enlistment were not continuous. In such event the statutory residence requirement begins to run from the period of time of the

Hon. W. W. Kilgore, page 4 (WW-157)

establishment of actual residence within Victoria
County.

Yours very truly,

WILL WILSON
Attorney General of Texas


By /s/ Wallace P. Finfrock
   Wallace P. Finfrock
   Assistant

WPF:wb:bh

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
Lonny Zwiener
Houghton Brownlee, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:
          Geo. P. Blackburn